IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1335-T-An |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under sections 216(i) and 223 of the Social Security Act ("Act"). Plaintiff's application for benefits, filed on April 17, 2003, was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 20, 2004.

On August 26, 2004, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The appeals council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff then filed this action, requesting reversal of the Commissioner's decision. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.



This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___6/9/05___

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which she was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g); Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir. 1992); Cohen v. Secretary of Health and Human Servs., 964 F.2d 524, 528 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.

Plaintiff was fifty-three years old with a college education on the date of the hearing before the ALJ. R. at 191, 195-196. Plaintiff alleged December 11, 2002, as the date of the

onset of his disability, due to a leg injury, diabetes, emphysema, and nosebleeds. R. at 14, 56, 60. Prior to that date, he had worked as a soil conservationist and as an agricultural representative for a bank. R. at 193-196.

In his decision, the ALJ enumerated the following findings: (1) Plaintiff met the disability insured status requirements through the date of this decision; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; (3) Plaintiff has degenerative disc disease, emphysema, diabetes, and osteoarthritis which are considered severe based on the requirements in the Regulations, 20 C.F.R. § 404.1520(c), but he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff' statements concerning his impairments and their impact on his ability to work are not entirely credible; (5) Plaintiff has the residual functional capacity to lift up to ten pounds occasionally, stand/walk two hours in an eight hour workday, and sit six hours in an eight hour workday; (6) Plaintiff's past relevant work did not require the performance of work functions precluded by his medically determinable impairments; (7) Plaintiff's impairments do not prevent him from performing his past relevant work; (8) Plaintiff was not under a "disability" as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary of Health and Human Servs., 923

F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. <u>Id.</u>

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

<u>Willbanks v. Secretary</u>, 847 F.2d 301 (6th Cir. 1988). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fourth step. The ALJ found that Plaintiff could perform his past relevant work. Plaintiff argues that the Commissioner erred in finding that his testimony regarding his limitations was not supported

by the medical evidence and in finding that his past relevant work was not precluded by his residual functional capacity.

Plaintiff testified that the could walk for thirty minutes, sit for forty-five minutes, and lift approximately ten to fifteen pounds. R. at 199-200. A plaintiff's statement, taken alone, will not establish that he is disabled; instead, there must be objective medical findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain alleged. C.F.R. § 404,1529(a). Plaintiff has pointed to no such objective medical findings.

Plaintiff relies, in part, on the opinions of James P. Lester, M.D., Grafton Thurman, M.D., and M.A. Blanton, III, M.D. Dr. Lester, a state agency physician, noted that (1) Plaintiff's ankle was fused in neutral, (2) he had advanced degenerative joint disease in his right knee with "virtually bone on bone", and (3) he suffered from degenerative joint disease at L3-4 and L4-5. R. at 128. Dr. Thurman also found that Plaintiff had degenerative disc disease at L3-4 and L4-5. R. at 124. Dr. Blanton determined that Plaintiff was experiencing pain in his lower extremity, had limited range of motion, loss of joint surface, and "severe trophic changes and anatomical distortion." R. at 151-52.

Dr. Lester and Dr. Thurman indicated that Plaintiff was unable to sit for the entirety of an eight-hour workday.[1] Dr. Lester stated that Plaintiff would be able to climb occasionally while Dr. Blanton said that he should never climb. Additionally, Dr. Karl

---

[1] They both opined that Plaintiff could sit for a total of six hours in an eight hour day. R. at 125, 127. Dr. Blanton, however, found that Plaintiff's sitting was not affected by his impairments. R. at 152.

5

Studtmann of the West Tennessee ENT Clinic, determined that Plaintiff suffered from hearing loss.[2] R. at 148-49.

The ALJ correctly gave controlling weight to the opinion of Dr. Blanton, Plaintiff's treating physician. A treating physician's opinions receive great weight if, as here, they are supported by sufficient clinical findings and are consistent with the evidence. Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990). Dr. Blanton assessed Plaintiff's ability to perform work related activities as follows: able to lift a maximum of ten pounds occasionally and five pounds frequently; able to stand/walk a total of three hours in an eight hour day, thirty minutes without interruption; able to sit a total of eight hours in an eight hour day; cannot climb, kneel, crouch, or crawl and can occasionally stoop and balance; cannot perform push/pull activities; should not be exposed to heights. R. at 16 (citing November 19, 2003, assessment at R. 151-53). The opinions of Dr. Lester and Dr. Thurman are consistent with those of Dr. Blanton.

Because the medical record does not support Plaintiff's testimony, this argument is without merit.

Next, Plaintiff argues that the ALJ erred in finding that his past relevant work was not precluded by his residual functional capacity. According to Plaintiff, the vocational assessment prepared by the sate agency was not an accurate description of his past work,

---

[2] Dr. Lester found no hearing or speaking limitations. R. at 129. Furthermore, Plaintiff did not return for treatment by Dr. Studtmann or for a repeat audiogram per Dr. Studtmann's instructions. R. at 149. Thus, the ALJ was warranted in not finding that Plaintiff had any limitations regarding his hearing.

6

with the exception of "soil conservationist." This argument, also, is without merit. Although the assessment refers to Plaintiff's past jobs as they are generally performed in the national economy according to the *Dictionary of Occupational Titles* ("DOT"), the ALJ found that Plaintiff could perform his past work as he performed it. R. at 20, 71-78. The Commissioner may rely on the requirements of the job either as the claimant performed it or as it is generally performed in the national economy. See Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987) (A claimant must prove that he is unable to perform his past relevant work and that he is unable to return to his former type of work as generally performed.) See also Social Security Ruling 82-61.

Plaintiff contends that he is precluded from his former work as a bank agricultural representative because he is no longer able to climb onto farm equipment to evaluate its value. Although Dr. Blanton restricted Plaintiff from climbing, R. at 152, Plaintiff's self-reported work history as an agricultural representative does not indicate that his former work involved climbing. R. at 172. However, even if Plaintiff could not return to this work, he could still perform his past relevant work as a grain merchandiser, which does not involve climbing. Although Plaintiff testified that he could not perform this job because of his hearing loss, as noted above, Plaintiff has failed to establish that he had any job related impairments due to his hearing loss.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8 June 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 1:04-CV-01335 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Marianna G. Williams
ASHLEY ASHLEY & ARNOLD
322 Church Street
Dyersburg, TN 38025

Honorable James Todd
US DISTRICT COURT